IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATACHE NELSON, on behalf of her minor child S.N., | ) ) ) |
| Plaintiff, | ) ) |
| | ) No. 13 C 626 |
| v. | ) ) |
| | ) Magistrate Judge |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | ) Jeffrey T. Gilbert ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Latache Nelson, for her minor child S.N., ("Claimant") seeks review of the final decision of the Acting Commissioner of Social Security Administration ("Commissioner") denying her application for supplemental security income under section 1614(a)(3)(C) of the Social Security Act. Claimant filed this appeal pursuant to 42 U.S.C. § 405(g). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1 for all proceedings, including entry of final judgment.

This matter is before the Court on the parties' cross-motions for summary judgment. For the reasons stated herein, Claimant's motion [ECF 15] is granted, and the Commissioner's motion [ECF 27] is denied. This case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Carolyn W. Colvin automatically is substituted as the Defendant in this case. No further action is necessary to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. PROCEDURAL HISTORY

Claimant filed an application for supplemental security income on behalf of S.N. on January 15, 2009, alleging a disability onset date of September 19, 2008. (R.16). S.N. experiences headaches, seizures and has a speech disorder. (R.19). The application was denied on March 5, 2009 and again after reconsideration on August 20, 2009. (R.16). Claimant filed a written request for a hearing before an Administrative Law Judge ("ALJ") on October 13, 2009. (R.16). Claimant and S.N. appeared and testified at a hearing on October 18, 2010, and were represented by an attorney at the hearing. (R. 16).

On June 30, 2011, the ALJ denied Claimant's application for supplemental security income and found that S.N. was not disabled under the Social Security Act. (R. 32-45). At step one, the ALJ found that S.N. was a school-age child on January 15, 2009, the date the application was filed, and currently is a school-age child who has not engaged in substantial gainful activity since the application date. (R.19). At step two, the ALJ found that S.N. had the severe impairments of a seizure disorder, headaches and a speech disorder. (R. 19). At step three, however, the ALJ found that S.N. did not have an impairment or combination of impairments that met, medically equaled or functionally equaled the listed impairments in 20 C.F.R part 404, Subpart P, Appendix 1 (20 C.F.R §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926) of the regulations. (R. 20). Accordingly, the ALJ concluded that S.N. was not disabled under the Social Security Act. (R. 24).

Claimant requested review of the ALJ's decision by the Appeals Council, but her request for review was denied on April 3, 2012 (R. 6-10), leaving the ALJ's decision as the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. This Court, therefore, has jurisdiction pursuant to 42 U.S.C. § 405(g).

## II. ANAYLSIS

Claimant argues that this case should be reversed or remanded because the ALJ (1) did not consider applicable Listings; (2) did not make an explicit credibility determination; and (3) did not evaluate S.N.'s functional limitations adequately. After reviewing the parties' briefs and the administrative record, the Court concludes that the ALJ erred in not considering Listing 112.05D, failed to provide any explanation for her credibility determination concerning the testimony of Claimant and S.N., and did not adequately account for Claimant's limitations in her functional equivalence analysis. Therefore, remand is appropriate.

### A. THE ALJ ERRED IN FAILING TO INCLUDE LISTING 112.05D IN HER EVALAUTION OF S.N.

Claimant argues that S.N.'s impairments meet Listings 112.05D and 112.02 that the ALJ erred in not considering these Listings in her step three analysis. The Commissioner disagrees and argues that the ALJ was not required to mention either Listing. The Court agrees with Claimant that the ALJ erred in not considering Listing 112.05D in her analysis.

In order to meet a Listing, a claimant must show that his impairment satisfies all of the various criteria specified in the Listing. *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006). A claimant can medically equal a Listing if he has an impairment set forth in the Listings, does not exhibit one or more of the findings specified in the particular Listing, but has other findings related to his impairment that are at least of equal medical significance to the required criteria. 20 C.F.R. § 416.926(b). In considering whether a claimant's condition meets or equals a Listing, the ALJ must discuss the Listing by name and offer more than a perfunctory analysis. *Kastner v. Astrue*, 697 F.3d 642, 647 (7th Cir. 2012); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). If a child-claimant does not meet or equal any Listing, the ALJ must address functional equivalence under the six domains. *Id.*; 20 C.F.R. § 416.926a.

3

The Listings identify and describe impairments that the SSA considers severe enough to prevent an individual from doing any gainful activity, regardless of age, education, or work experience. 20 C.F.R. § 404.1525(a). The claimant bears "the burden to present medical findings that match or equal in severity all the criteria specified by a listing." *Knox v. Astrue*, 327 Fed. Appx. 652, 655 (7th Cir. 2009) (citing *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990)); *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006). The Social Security regulations do not require that an ALJ include every possible listing that might apply. Nor has the Seventh Circuit mandated such a requirement. *Rice v. Barnhart*, 384 F.3d 363, 369-70 (7th Cir. 2004).

Social Security Regulation 98-1p provides that a child's impairment meets Listing 112.05D "when the child has a diagnosis of mild mental retardation and a physical or mental impairment imposing additional and significant limitation of function [i.e. more than minimal limitation of function]." SSR 98-1p. SSR 98-1p explains that the significant subaverage general intellectual functioning needed to establish the component of the diagnosis of the mild mental retardation for Listing 112.5D is shown by a valid verbal, performance, or full scale IQ of 60 through 70. SSR 98-1p also recognizes that a speech impairment may satisfy the criterion for physical or other mental impairment imposing "additional and significant limitation of function" under Listing 112.05 D.

The Court recognizes that an ALJ is not required to include every possible listing that might apply. Given the guidelines set forth in Social Security Ruling 98-1p, however, the Court finds that the ALJ erred in not specifically considering whether S.N.'s impairments satisfy the criteria specified in Listing 112.5D. The Court is persuaded, in light of the ALJ's finding that S.N. has a severe impairment with his speech deficit (R. 19) in conjunction with S.N.'s performance on the Wechsler Intelligence Scale for Child, Fourth Edition and his resulting

4

scores (R. 507-08), that the ALJ specifically should have considered whether Listings 112.05D applies in this case.

Claimant also argues that the ALJ also should have considered Listing 112.02. Claimant's argument, however, is perfunctory as to Listing 112.02, and it is not clear to the Court whether Listing 112.02 is applicable to Claimant and that the ALJ should have considered it in her analysis. On remand, the ALJ should consider as appropriate whether any additional listings other than Listing 112.05D should be considered in light of S.N.'s impairments or combination of impairments.

**B. THE ALJ SHOULD EXPLICITLY ARTICULATE HER CREDIBILITY DETERMINATION AND PROVIDE AN EXPLANATION ON REMAND**

The ALJ does not make an explicit credibility determination in her opinion, and Claimant contends that is reversible error. The Commissioner does not dispute that the ALJ's opinion does not contain an explicit credibility finding as to the testimony provided by both Claimant and S.N. Instead, the Commissioner argues that credibility was not an issue. Given that the case is being remanded for other reasons, the Court believes that it is prudent for an ALJ to make an explicit credibility determination and make clear in her opinion how she evaluated the testimony of Claimant and any witnesses who testified at the hearing.

The ALJ is in the best position to determine the credibility of witnesses, and this Court reviews that determination deferentially. *Craft v. Astrue,* 539 F.3d 668, 676 (7th Cir. 2008) (citing *Sims v. Barnhart,* 442 F.3d 536, 538 (7th Cir. 2006)). In other words, the Court will not overturn an ALJ's credibility determination unless it is patently wrong. *Id.* To be patently wrong, an ALJ's determination must lack "any explanation or support." *Elder v. Astrue,* 529 F.3d 408, 413–14 (7th Cir. 2008). The ALJ's credibility determination "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and

must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96–7p.

Reading between the lines of the ALJ's opinion, it is clear that the ALJ did not believe or, at a minimum, did not credit the testimony offered by Claimant or S.N. For example, in her opinion, the ALJ notes several times that Claimant's testimony is not supported by the objective medical evidence. *See, e.g.*, R. 19 ("Despite the claimant's mother's beliefs and asserts to the contrary, the cavum septum pellucidum is not associated with hydrocephalus or a result of the prior head trauma."); R. 23 ("Even though the claimant's mother reported that his school performance is declining, test scores from the Illinois State Board of Education reflect that he did better during standardized testing in the spring of 2010 than he did in the spring of 2009.") The ALJ, however, did not connect the dots and draw the logical bridge to her conclusion that she did not credit Claimant's testimony because it was contrary to the objective medical evidence.

The Social Security Regulations and established case law require an ALJ to explain explicitly why she does not find testimony credible. SSR 96–7p. The Seventh Circuit repeatedly has held that a credibility determination may be reversed if the ALJ fails to explain adequately her credibility finding by discussing specific reasons supported by the record. *See Craft*, 539 F.3d at 678 (a credibility finding "must be specific enough to enable the claimant and a reviewing body to understand the reasoning").

The Commissioner argues that Claimant as S.N.'s mother is considered an "other source" by the Social Security Administration. *See* SSR 06-3p; 20 C.F.R. § 404.1513(d)(4) (parents are "other sources"). The Commissioner argues Claimant is not capable of giving a medical opinion, and that the ALJ is free to disregard the efforts of S.N.'s mother to testify about the existence of

6

medically determinable impairments. The Court agrees that Claimant is not an acceptable medical source. That, however, is not really the issue here. Although there may be a few instances where the ALJ points out that Claimant's testimony conflicted with the objective evidence, the ALJ did not specifically find that Claimant was not credible and did not provide any explanation as to why she rejected either Claimant's or S.N.'s testimony.

The Commissioner also argues that S.N. testified at the hearing but that none of that testimony conflicted with the objective medical evidence and was not probative of a finding of disability. Again, that very well may to true, but the ALJ did not say that, and the Commissioner cannot make that argument now. On remand, the ALJ should explicitly articulate her credibility determination.

## C.     THE ALJ'S FUNCTIONAL EQUIVLANCE ANALYSIS IS FLAWED

Claimant argues that the ALJ's functional equivalence analysis is flawed because the ALJ did not account for all of the limitations caused by S.N.'s impairments and did not account for the effects of those limitations across domains. Claimant notes that the ALJ found that S.N.'s headaches were severe and therefore, by definition, S.N.'s headaches cause functional limitations. *See* 20 C.F.R. § 416,924(c) (defining a "severe impairment" as one that causes "more than minimal functional limitations"). Claimant contends that the ALJ's analysis is flawed because she did not mention S.N.'s headaches when evaluating the six functional equivalence domains. Claimant also argues that the ALJ should have discussed S.N.'s borderline intellectual function and speech deficits in her functional equivalence analysis. The Commissioner argues that the ALJ's functional equivalency analysis was sufficient. The Court agrees with Claimant.

Social Security Ruling 09-1p instructs that an ALJ evaluate the "whole child" when making a finding regarding functional equivalence. In that evaluation, an ALJ should consider,

7

among other things, whether the "child's medically determinable impairment(s) account for limitations in the child's activities" and to what degree the child's impairments "account for limitations in the child's activities" SSR 09-1p.

The question here is whether the ALJ considered S.N.'s headaches, intellectual function and/or speech deficits in her functional equivalence analysis. The ALJ found that S.N. had the severe impairments of a seizure disorder, headaches and a speech disorder. (R. 19). Yet, none of these impairments were discussed in the context the ALJ's functional equivalence analysis. The Court again recognizes that an ALJ is not required to include in her decision every aspect of her functional equivalence analysis. *See* SSR 09-1p. However, it is not enough that the ALJ acknowledged at some point in her opinion that S.N. suffered from severe headaches and had some speech deficits as the Commissioner argues. Rather, the ALJ specifically should account for those limitations in the functional equivalence analysis given that she found at step two of her analysis that S.N.'s headaches and speech deficits were severe impairments. Because the ALJ did not mention S.N.'s headaches or speech deficits and arguably his intellectual functioning, her analysis his flawed, and remand is appropriate.

The Court wishes to stress that this Memorandum and Order should not be construed as an indication that the Court believes that S.N. is disabled, or that Claimant should be awarded benefits for the period in question. To the contrary, the Court has not formed any opinions in that regard and leaves those issues to be determined by the Commissioner after further proceedings.

## III. CONCLUSION

For the reasons set forth above, Claimant's motion for summary judgment [ECF 15] is granted, and the Commissioner's motion for summary judgment [ECF 27] is denied. This matter

is remanded to the Social Security Administration for further proceedings consistent with the Court's Memorandum Opinion and Order.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: April 16, 2015